# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

CR21-385 SI

UNITED STATES OF AMERICA,

V.

KEITH CHRISTOPHER,
TANISA SMITH-SYMES,
ISAIAH WELLS, and
DUSTIN ALBINI,

DEFENDANT(S).

**FILED**

Sep 29 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## INDICTMENT

18 U.S.C. §§ 1341, 1343, 1346, and 1349 – Conspiracy to Commit Honest Services Fraud; 18 U.S.C. § 666(a)(1)(B) – Accepting a Bribe; 18 U.S.C. § 666(a)(2) – Paying a Bribe to a Government Official; 18 U.S.C. § 1956(h) – Conspiracy to Launder Fraud Proceeds; 18 U.S.C. §§ 982(a)(1), 981(a)(1)(C), and 28 U.S.C. § 2461 – Criminal Forfeiture

A true bill.

*/s/ Foreperson of the Grand Jury*
_____ Foreman

Filed in open court this 29th day of September 2021.

_____ Clerk

_____
Magistrate Judge Sallie Kim

Bail, $ Summons for Def. Albini
No Process for Defs. Christopher, Symes, & Wells

| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284) |
| | Acting United States Attorney |
| 2 | |

FILED

Sep 29 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-385 SI |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. §§ 1341, 1343, 1346, and 1349 – Conspiracy to Commit Honest Services Fraud; |
| KEITH CHRISTOPHER, TANISA SMITH-SYMES, ISAIAH WELLS, and DUSTIN ALBINI, | 18 U.S.C. § 666(a)(1)(B) – Accepting a Bribe; 18 U.S.C. § 666(a)(2) – Paying a Bribe to a Government Official; 18 U.S.C. § 1956(h) – Conspiracy to Launder Fraud Proceeds; 18 U.S.C. §§ 982(a)(1), 981(a)(1)(C), and 28 U.S.C. § 2461 – Criminal Forfeiture |
| Defendants. | SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

At all times relevant to this Indictment, except where otherwise stated:

1. Keith CHRISTOPHER was a Correctional Officer ("CO") employed by the California Department of Corrections & Rehabilitation ("CDCR"), and worked as a guard in the East Block ("Death Row") of San Quentin State Prison ("SQP"), in Marin County, California. At all times, CHRISTOPHER was obligated to follow the rules and policies of the CDCR. Those rules and policies prohibited bringing contraband, including cellular telephones, into the prison for inmates and/or for personal gain.

INDICTMENT   1

2. "Inmate 1" was a condemned inmate at SQP who is housed in the East Block. "Inmate 2" was a condemned inmate at SQP who was also housed in the East Block.

3. Tanisa SMITH-Symes was an associate of Inmate 1. SMITH-Symes was a resident of the State of Nevada and was located in that state.

4. Isaiah WELLS and Dustin ALBINI were associates of Keith CHRISTOPHER. WELLS, ALBINI and CHRISTOPHER were residents of the State of California.

5. Cellular phones are considered contraband in California state prisons. The California Code of Regulations, 15 C.C.R. § 3006 ("Contraband") provides, in part, that "Inmates shall not possess wireless communication devices capable of making or receiving wireless communications, except as expressly authorized by the Secretary [of the CDCR], pursuant to subsection 3190(k)(8)." Neither Inmate 1 nor Inmate 2 was authorized by the Secretary to possess a cellular telephone.

6. The CDCR is an agency of the State of California. In fiscal year 2019-2020, which ended on June 30, 2020, the CDCR received approximately $1,318,000 in federal funding in support of its operations.

## The Scheme

7. Inmate 1 and CHRISTOPHER worked together, and with others, to smuggle contraband cell phones into SQP. Inmate 1 coordinated the payment of bribes to CHRISTOPHER in exchange for CHRISTOPHER bringing the phones into the prison. Inmate 1 then sold the phones to other inmates for a profit. The purpose of the scheme was for CHRISTOPHER to use his official position as a CO to enrich himself by soliciting and accepting gifts, payments, or other things of value from Inmate 1 in exchange for official action, and for Inmate 1 to enrich himself by secretly obtaining official action for himself through corrupt means.

8. Inmate 1, Inmate 2, and other inmates known and unknown to the Grand Jury, and their associates outside of prison, purchased cellular telephones, cellular telephone accessories (such as charging cords and ear phones), SIM cards, and other items, and sent or had them sent to SMITH-Symes. Those shipments used the U.S. Mail or common carriers, such as United Parcel Service ("UPS").

9. In approximately December 2019, CHRISTOPHER agreed to smuggle 10 cell phones

INDICTMENT 2

into SQP for Inmate 1, in exchange for $5,000. CHRISTOPHER directed SMITH-Symes to send the contraband cell phones to ALBINI at a residence in the Northern District of California. SMITH-Symes sent them to ALBINI from a UPS Store in Las Vegas, Nevada, using UPS, a common carrier. CHRISTOPHER notified SMITH-Symes that it would cost $5,000 to smuggle the 10 phones into SQP. He directed her to send $2,000 of the $5,000 smuggling fee to ALBINI by the payment application Venmo, which she did. She sent $1,500 to WELLS by Walmart2Walmart money transfer on December 5, 2019. She sent WELLS another $2,050 by Venmo and Walmart2Walmart on December 13, 2019.

10. In May 2020, CHRISTOPHER agreed to smuggle another 15 phones into SQP for Inmate 1, in exchange for $7,500. On May 26, 2020, Inmate 2 and his associates sent SMITH-Symes $1,000 to pay part of the smuggling fee. Those payments were in three different amounts, from three different sources. On May 27, 2020, CHRISTOPHER sent SMITH-Symes a text message directing her to send the contraband cell phones to WELLS's address in the Eastern District of California. That same day, SMITH-Symes sent the phones to that address from a UPS Store in Las Vegas, Nevada, using UPS, a common carrier. At Inmate 1's request, which Inmate 1 sent to SMITH-Symes by text message on May 29, 2020, and which SMITH-Symes forwarded to CHRISTOPHER by text message, CHRISTOPHER agreed to reduce the bribe to $6,500. On May 29, 2020, SMITH-Symes sent WELLS $6,500 in three payments using payment applications: she sent $750 and then $1,750 to WELLS by Cash App, and then she sent $4,000 to WELLS by Venmo. Those funds were transferred into WELLS's bank account at Bank of America, and WELLS withdrew $6,000 in cash to give to CHRISTOPHER.

11. SMITH-Symes and CHRISTOPHER communicated by cell phone and text message to coordinate these shipments. Those wire communications traveled between California and Nevada.

COUNT ONE: 18 U.S.C. §§ 1341, 1343, 1346, and 1349 (Conspiracy to Commit Honest Services Fraud)

12. The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

13. Beginning on a date unknown to the Grand Jury, but at least as early as December 1, 2019, and continuing through at least September 7, 2021, in the Northern District of California, and elsewhere, the defendants,

                    KEITH CHRISTOPHER,
                    TANISA SMITH-SYMES,

INDICTMENT 3

| | |
|---|---|
| 1 | ISAIAH WELLS, and |
| 2 | DUSTIN ALBINI, |

did conspire and agree with each other to devise and participate in a scheme and artifice to defraud and deprive the citizens of California and the CDCR of their intangible right to the honest and faithful services Keith CHRISTOPHER, through bribery and the concealment of material information, said scheme being carried out using the U.S. Mail, private and commercial interstate carriers and interstate wire transmissions, all in violation of 18 U.S.C. §§ 1341, 1343, 1346, and 1349.

COUNT TWO:     18 U.S.C. § 666(a)(1)(B) (Accepting a Bribe)

   14.   The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

   15.   On or about December 4, 2019, in the Northern District of California, the defendant,

KEITH CHRISTOPHER,

did corruptly solicit, demand, and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions involving $5,000 or more, in his employment as a Correctional Officer for the California Department of Corrections & Rehabilitation, an agency of the State of California that received federal assistance in excess of $10,000 in the one-year period beginning July 1, 2019 and ending June 30, 2020, all in violation of 18 U.S.C. § 666(a)(1)(B).

COUNT THREE:   18 U.S.C. § 666(a)(1)(B) (Accepting a Bribe)

   16.   The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

   17.   On or about May 29, 2020, in the Northern District of California, the defendant,

KEITH CHRISTOPHER,

did corruptly solicit, demand, and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions involving $5,000 or more, in his employment as a Correctional Officer for the California Department of Corrections & Rehabilitation, an agency of the State of California that received federal assistance in excess of $10,000 in the one-year period beginning July 1, 2019 and ending June 30, 2020, all in violation of 18 U.S.C.

INDICTMENT                              4

1 § 666(a)(1)(B).

2

3 <u>COUNT FOUR</u>:     18 U.S.C. § 666(a)(2) (Paying a Bribe to a Public Official)

4     18.    The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

5     19.    On or about December 4, 2019, in the Northern District of California, and elsewhere, the

6 defendants,

TANISA SMITH-SYMES,<br>
DUSTIN ALBINI, and<br>
ISAIAH WELLS,

9 did corruptly give, offer to give, and agree to give, a thing of value to a person, Keith CHRISTOPHER,

10 intending to influence and reward Keith CHRISTOPHER, in a transaction and series of transactions

11 involving $5,000 or more, in connection with his employment as a Correctional Officer for the

12 California Department of Corrections & Rehabilitation, an agency of the State of California that

13 received federal assistance in excess of $10,000 in the one-year period beginning July 1, 2019 and

14 ending June 30, 2020, all in violation of 18 U.S.C. § 666(a)(2).

15

16 <u>COUNT FIVE</u>:     18 U.S.C. § 666(a)(2) (Paying a Bribe to a Public Official)

17     20.    The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

18     21.    Between May 29, 2020 and June 1, 2020, both dates being approximate, in the Northern

19 District of California, and elsewhere, the defendants,

TANISA SMITH-SYMES, and<br>
ISAIAH WELLS,

22 did corruptly give, offer to give, and agree to give, a thing of value to a person, Keith CHRISTOPHER,

23 intending to influence and reward Keith CHRISTOPHER, in a transaction and series of transactions

24 involving $5,000 or more, in connection with his employment as a Correctional Officer for the

25 California Department of Corrections & Rehabilitation, an agency of the State of California that

26 received federal assistance in excess of $10,000 in the one-year period beginning July 1, 2019 and

27 ending June 30, 2020, all in violation of 18 U.S.C. § 666(a)(2).

28 ///

INDICTMENT                                             5

COUNT SIX: 18 U.S.C. § 1956(h) (Conspiracy to Launder Fraud Scheme Proceeds)

22. The allegations in Paragraphs 1-11 are incorporated herein as if stated in full.

23. Beginning on a date unknown to the Grand Jury, but no later than December 1, 2019, and continuing through at least September 7, 2020, both dates being approximate, in the Northern District of California, and elsewhere, the defendants,

> KEITH CHRISTOPHER,
> TANISA SMITH-SYMES,
> ISAIAH WELLS, and
> DUSTIN ALBINI,

and others known and unknown to the Grand Jury, did knowingly combine, conspire, and agree with each other to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce or which involve the use of a financial institution the activities of which affected interstate or foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is mail fraud and wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h).

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction for the offense set forth in Count Six of this Indictment, the defendants,

> KEITH CHRISTOPHER,
> TANISA SMITH-SYMES,
> ISAIAH WELLS, and
> DUSTIN ALBINI,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in said violations, or any property traceable to such property, including, but not limited to:

|   |   |   |   |
|---|---|---|---|
| 1 | a. | Any and all personal electronics, including, but not limited to, laptop computers, desktop computers, and mobile phones used to engage in the conduct alleged in Count Six. |

Upon conviction for the offense set forth in Counts One through Three of this Indictment, the defendant,

**KEITH CHRISTOPHER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in said violations, or any property traceable to such property, including, but not limited to, a forfeiture money judgment amounting to $11,500.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

All pursuant to 18 U.S.C. § 982(a)(1) and (b)(1) and Federal Rule of Criminal Procedure 32.2.

DATED: September 29, 2021                        A TRUE BILL.

                                                                              */s/ Foreperson of the Grand Jury*
                                                                              FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney

  */s/ Frank J. Riebli*
FRANK J. RIEBLI
Assistant United States Attorney

INDICTMENT                                      7